Houseman *a.* Rosenfield.

## HOUSEMAN *a.* ROSENFIELD.

*Supreme Court, First District; General Term, Feb.,* 1865.

DEFENCES.—LEAVE TO DISCONTINUE WITHOUT COSTS.

If after the Statute of Limitations is pleaded as a defence to the action, the plaintiff goes on and increases the costs, even by taking testimony material to that defence, he cannot afterwards be allowed to discontinue without costs.

*It seems,* that the interposition of the Statute of Limitations as a defence is not in any case sufficient ground for allowing a discontinuance without costs.

Appeal from an order granting leave to discontinue the action.

This action was brought by Sigismund Houseman against Morris H. Rosenfield upon a promissory note, dated March 13, 1856, for $546.70, payable six months after date.

The suit was commenced April 21, 1864, and after issue joined by an answer which set up the Statute of Limitations, and the cause was placed on the calendar by the plaintiff's attorney. After the cause had remained on the calendar four terms, the plaintiff procured an order to examine the defendant as to whether he had been absent from the city of New York and the State any time during the eight years the note had been running against him before suit brought.

After this examination had been had, the plaintiff made a motion to have the suit discontinued without costs, which was granted at chambers, and it is from this order defendant appeals.

*Simon Stern,* for the appellant.

*Isaac Van Winkle,* for the respondent.—I. The statute is imperative, and leaves the court no discretion in the matter. Unless the plaintiff recovers costs, the defendant shall recover costs. (§§ 304 and 305 of the Code.)

II. I find no cases reported where the court has relieved th

plaintiff from a defence like this. The Statute of Limitations is a meritorious defence—a statute of repose. For a defence of this character there is no more reason for granting indulgence to the plaintiff than in case of a release, payment, counterclaim, or any other absolute bar to the action.

III. The courts have interposed to relieve a plaintiff in two cases only. (*a*) One where the defendant was discharged under an Insolvent or Bankrupt Act. (*b*) The other where the defendant alleged infancy.

In Smith *a.* Skinner (1 *How. Pr.*, 122), plaintiff was permitted to discontinue without costs, on the ground that he had no notice of the defendant's application or discharge in bankruptcy, and was ignorant thereof until after suit commenced.

IV. The Statute of Limitations is a clear general rule of positive law, and a full defence. The plaintiff had a full knowledge of this defence by looking at the note. He does not allege or pretend either ignorance or misinformation. In cases of discharges, the rule was only applied where it was obtained after suit brought, except in one case where the bankrupt discharge was obtained without notice to the creditor, and where he proved that he was ignorant of the fact until answer served. (Lowerre *a.* Vail, 5 *Abbotts' Pr.*, 229 ; Ludlow *a.* Hackett, 18 *Johns.*, 252 ; Merrett *a.* Arden, 1 *Wend.*, 91.) Infancy was unknown in all the cases reported, and it was fraudulent to set it up. The plaintiff does not know the age of his debtor as a general thing. (St. John *a.* Hart, 16 *How. Pr.*, 192.)

In this case the justice says, since the answer was put in, the plaintiff has continued to proceed with the cause, and has materially increased the costs. There is no excuse for this, and he can only be relieved on payment of costs.

By the Court.—Ingraham, P. J.—The plaintiff obtained leave to discontinue on the ground that the defendant sets up the Statute of Limitations.

After the answer was put in, the plaintiff did not move for this leave, but virtually tried his case by calling on the defendant to be examined as a witness, with a view to ascertain if there was any way to avoid this defence, and finding there was not, he made the motion.

The only cases in which such leave to discontinue without

costs has been granted, is where an executor or receiver sues and discovers a mistake after suit brought, and in cases of a defence of insolvency or infancy. In the first class of cases, the executor or receiver would not be liable for costs, except by order of the court. In the latter class, the defences are within the knowledge of the debtor, not of the plaintiff.

In the case of the Statute of Limitations being pleaded, no such excuse can be offered. The plaintiff knew when his claim accrued. He also knew whether he had the means of resisting that defence.

If with this knowledge before him, he still persisted in bringing his action, and if, after the defence was put in, he continued to increase the expense by examining the defendant, he presents no meritorious case to the court for their indulgence.

But this defence never has been considered a sufficient ground to allow a discontinuance without costs, and no case has been cited, nor can I find any in which such leave has been granted.

There is no propriety in extending this class of motions to cases other than those in which they have heretofore been granted.

The order at chambers should be reversed.